UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

In re:                                              :       Case No. 05-23059REF
STANLEY J. CATERBONE,                               :       Chapter 11
          Debtor                                    :

---

## ORDER

AND NOW, this 3rd day of October, 2006, upon my consideration of the Motion filed by the United States Trustee To Dismiss or Convert this Case ("Motion") and Debtor's Answer thereto and after a hearing on the Motion on June 29, 2006, at which I issued a bench Order directing the United States Trustee to file her brief in support of the Motion by July 21, 2006 and directing Debtor to file his brief in opposition to the Motion by September 1, 2006,[1] and it appearing that the United States Trustee filed her brief in support of the Motion on July 20, 2006, but that Debtor failed to file his brief in opposition to the Motion, and it further appearing that Debtor failed to attend two hearings and the Chapter 11 Status Conference held before me in this case,[2] it is ORDERED that the United States Trustee's Motion To Dismiss this case is hereby GRANTED both on the merits[3] and due to Debtor's failure to defend[4] and this case is hereby

---

[1] On August 17, 2006, I entered an Order extending the deadline for Debtor to file his brief to September 15, 2006.

[2] Debtor failed to appear at the following two hearings:
  (1) The hearing held in Caterbone v. PPL Electric Utilities (In re Caterbone), Adv. No. 06-2236 (05-23059REF), on August 16, 2006, on Plaintiff's request for an "emergency stay" from a 10-day shut off notice, which request I treated as a Motion for Preliminary Injunction. Although I noted in that hearing and subsequently that I would not regard Debtor as prejudiced by his failure to attend the August 16 hearing, cumulatively, it evidences a lack of concern about his bankruptcy proceeding.
  (2) A hearing was scheduled and held on August 31, 2006, for me to consider Debtor's Request for Hearing Transcripts (filed July 6, 2006), his Praecipe To Proceed in Forma Pauperis (filed July 10, 2006), his second Request for Hearing Transcripts (filed July 14, 2006), and his second Praecipe To Proceed in Forma Pauperis (filed July 18, 2006). Debtor also failed to appear at the Chapter 11 Status Conference scheduled and held on September 29, 2006.

[3] I find that the United States Trustee met her burden of proving that "cause" exists to dismiss this case under 11 U.S.C. §1112(b)(1) and (b)(2)(F) and (K) by establishing the following: (1) Debtor has been and is unable to propose and obtain confirmation of a viable plan of reorganization; (2) Debtor has

DISMISSED.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

---

failed to remain current with the filing of the financial reports required to be filed pursuant to the United States Trustee Operating Guidelines and Local Bankr. R. 2015.1; and (3) Debtor has failed to pay the statutory fees required to be paid under 28 U.S.C. §1930(a)(6). Specifically and in particular, I find that the United States Trustee established that Debtor is incapable of funding a plan either with present income, income that Debtor might receive in the near future, or through liquidation of assets. Although Debtor desires to fund a plan with money he fervently hopes to receive in future litigation, Debtor has no lawsuits currently pending that might generate funds sufficient to support even the basest of plans; of the only lawsuits recently commenced by Debtor (I speak only of federal litigation in Debtor's name), one was recently dismissed at the pleading stages of the proceeding and the other constitutes an action against his electricity provider attempting to reinstate electric power service (this is the matter in which Debtor failed to attend the preliminary injunction hearing on August 16, 2006). Debtor has been claiming and fitfully pursuing remedies for perceived wrongdoings against him for quite some time, with no success. I therefore find that any recovery is too remote and speculative to form the basis for a serious proposed plan of reorganization. See Moody v. Security Pacific Bus. Credit, Inc., (In re Jeannette Corp.), 85 B.R. 319, 345 (W.D. Pa.), vacated on other grounds, 858 F.2d 137 (3d Cir. 1988); In re Bendig, 74 B.R. 47 (D. Conn. 1987); In re Roma Group, Inc., 165 B.R. 779 (Bankr. S.D. N.Y. 1994); In re Bock, 58 B.R. 347, 379 (Bankr. M.D. Fla. 1986); In re Golden Ocala Partnership, 50 B.R. 552 (Bankr. N.D. Fla. 1985).

[4] As stated earlier, Debtor failed to file his brief in opposition to the United States Trustee's Motion despite the fact that it was due to be filed by September 15, 2006 (which included an additional two weeks beyond what Debtor thought he would need to prepare it), and Debtor failed to appear at two hearings and at the Chapter 11 Status Conference. For all of these reasons, I find that Debtor has failed to defend against the United States Trustee's Motion To Dismiss this case.